UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMIAH GRIMSLEY, JR.,

        Petitioner,

v.                                                                     Case No.  8:10-cv-2241-T-33AEP

SECRETARY, DEPARTMENT OF CORRECTIONS,

        Respondent.

_____

## ORDER

    This cause is before the Court on Jeremiah Grimsley, Jr.'s timely-filed 28 U.S.C. §

2254 petition for writ of habeas corpus.  Grimsley challenges his conviction and sentence

entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.  A review

of the record demonstrates that, for the reasons below, the petition must be **denied.**

### PROCEDURAL HISTORY

    On February 9, 2007, the State filed an Information charging Grimsley with one

count of Possession of a Firearm by a Convicted Felon (Count I), and two counts of

Aggravated Battery (great bodily harm and firearm enhancement) (Counts II and III).

(Exhibit 1). On January 17, 2008, pursuant to a negotiated plea bargain, Grimsley appeared

before the Honorable Steven L. Selph, Circuit Judge, and entered a nolo contendere plea

to all three charges. (Exhibit 2). Grimsley signed a written plea form. (Exhibit 3). On

January 25, 2008, according to the terms of the agreement, the state trial court sentenced Grimsley to fifteen years incarceration on Count I, and to twenty-five years incarceration, followed by two years probation on Counts II and III, with all sentences running concurrently. (Exhibit 4). Grimsley did not appeal his convictions or sentences.

### Rule 3.850 Motion for Postconviction Relief

On June 29, 2008, Grimsley filed a pro se Rule 3.850 motion for postconviction relief and memorandum of law, raising three grounds:

> 1. The court lacked jurisdiction to enter a judgment and sentence against him for aggravated battery with a firearm and possession of a firearm by a convicted felon because there was no specific factual finding made to prove he actually possessed a firearm.
>
> 2. The charges for aggravated battery with a firearm (Counts 2 and 3) were improperly reclassified from second-degree felonies to first-degree felonies pursuant to *Jacobs v. State*, 954 So. 2d 1268 (Fla. 2d DCA 2007); *Powers v. State*, 731 So. 2d 777 (Fla. 1999); and *Dozier v. State*, 677 So. 2d 1352 (Fla. 2d DCA 1996).
>
> 3. Grimsley's judgments and sentences are "subject to collateral attack due to illegal criminal procedure."

(Exhibit 5).

On August 29, 2008, the state trial court summarily denied grounds 1 and 3, and directed the State to respond to ground 2. (Exhibit 6). On September 23, 2008, Grimsley filed an "Amended Information Motion for Postconviction Relief" in which he sought to amend ground 3 of the motion.[1] (Exhibit 7).

The State filed its response to ground 2 of the motion on October 27, 2008. (Exhibit

---

[1] Grimsley mistakenly believed he had raised four grounds for relief in the original Rule 3.850 motion. He asked that only ground three be amended, while grounds one, two, and four should remain the same.

8). The State agreed that the aggravated battery charges should not have been reclassified as first degree felonies, and that the written judgment and sentence should be corrected to designate the offenses as second degree felonies. However, the State argued that the 25-year prison sentences were legal under Florida law and should not be disturbed.

On October 30, 2008, the state trial court granted resentencing on the two aggravated battery counts. (Exhibit 9). The state trial court appointed conflict counsel, Gail Cheatwood, Esquire, to represent Grimsley at the resentencing proceeding. The hearing was held before the Honorable James Yancy, Circuit Judge, on January 23, 2002. (Exhibit 10). Grimsley's appointed counsel waived Grimsley's presence at the hearing. (Exhibit 10 at p. 6). The state trial court judge ordered that the judgment and sentences on the aggravated battery counts be reclassified as second degree, rather than first degree, felonies, but that the length of the sentences remain the same. (Exhibit 10 at pp. 5, 6).

Grimsley appealed the state trial court's adverse ruling as to grounds 1 and 3 of the postconviction motion as well as the order granting resentencing. (Exhibit 11). On August 20, 2010, in Case No. 2D09-1533, the state district court of appeal per curiam affirmed the denial of relief. (Exhibit 14). *Grimsley v. State*, 45 So. 3d 49 (Fla. 2d DCA 2010)[table]. The mandate issued September 14, 2010. (Exhibit 15).

## THE PRESENT PETITION

Grimsley raises three grounds for relief in the present petition:

GROUND ONE

THE TRIAL COURT LACKED JURISDICTION TO ENTER A JUDGMENT AND SENTENCE AGAINST PETITIONER FOR AGGRAVATED BATTERY WITH A FIREARM AND POSSESSION OF A FIREARM.

3

GROUND TWO

PETITIONER'S SENTENCE FOR AGGRAVATED BATTERY WITH A
FIREARM WAS IMPROPERLY RECLASSIFIED FROM A SECOND
DEGREE FELONY TO A FIRST DEGREE FELONY.

GROUND THREE

THE JUDGMENT AND SENTENCE ARE SUBJECT TO COLLATERAL
ATTACK DUE TO AN ILLEGAL PROCEDURE.

**STANDARDS OF REVIEW**

The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings

must be highly deferential. Such findings are presumed to be correct unless rebutted by

clear and convincing evidence. Similarly, the state courts' resolutions of issues of

law-including constitutional issues-must be accepted unless they are found to be "contrary

to" clearly established precedent of the Supreme Court of the United States or involved an

"unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000).

Indeed, it is not enough that the federal courts believe that the state court was wrong; it

must be demonstrated that the state court decision was "objectively unreasonable." *Id.*

*Breedlove v. Moore*, 279 F. 3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To have a facially valid claim in alleging ineffective assistance of counsel, a

Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668

(1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's

performance was deficience and "there was a reasonable probability that, but for counsel's

4

unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## GROUND ONE

Grimsley contends the trial court did not have jurisdiction to enter a judgment on aggravated battery with a firearm and possession of a firearm by a convicted felon because the court failed to make a factual finding to prove possession as charged on these offenses, violating Grimsley's Fifth, Sixth, and Fourteenth Amendment rights. Although presented in federal constitutional terms in the present federal petition, Grimsley's claim concerns a state law matter that is not cognizable in this proceeding. The requirement that a factual basis be placed on the record in accepting a guilty plea is a matter of state law prescribed by Fla. R. Crim. P. 3.172(a).

> "Due process requires a court accepting a guilty plea to carefully inquire into the defendant's understanding of the plea, so that the record contains an affirmative showing that the plea was intelligent and voluntary." *Koenig v. State,* 597 So.2d at 258 (citing *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)); *see also* Fla. R. Crim. P. 3.170(k) ("No plea of guilty or nolo contendere shall be accepted by a court without the court first determining, in open court, with means of recording the proceedings stenographically or mechanically, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness and that there is a factual basis for the plea of guilty."); Fla. R. Crim. P. 3.172(a) ("Before accepting a plea of guilty or nolo contendere, the trial judge shall be satisfied that the plea is voluntarily entered and that there is a factual basis for it.").

*Jones v. State,* 885 So.2d 449, 452 (Fla. 1st DCA 2004). The purpose of determining whether a factual basis for a plea exists is to ensure "'that the facts of the case fit the offense with which the defendant is charged.'" *Allen v. State,* 876 So.2d 737, 740 (Fla. 1st DCA 2004).

Florida's rule of criminal procedure and case law interpreting the rule is an independent and adequate state law ground upon which to deny Grimsley's claim regarding the factual basis of his nolo contendere plea, and is adequate to support the state trial court's decision. *See Spivey v. Head,* 207 F.3d 1263, 1270 (11th Cir. 2000) (citing *Coleman v. Thompson,* 501 U.S. 722, 728 (1991)).   Ground One does not raise a federal constitutional issue.

Alternatively, under the AEDPA, which governs Grimsley's petition, *Lindh v. Murphy*, 521 U.S. 320, 336 (1997), the state court's decision is objectively reasonable and is entitled to deference pursuant to 28 U.S.C. § 2254(d) and (e). The state trial court's denial of Grimsley's claim is neither contrary to, nor an unreasonable application of, Supreme Court precedent. The state trial court's order states:

> In response to claim 1, the Court finds the claim must be denied. The Information in this case specifically alleges, in all three counts, that Defendant actually possessed a firearm during the commission of the charge[d] crimes. In addition, as the attached copy of Defendant's plea and sentencing hearing transcripts establish, Defendant pled to the offenses as charged and through counsel, conceded that there was a factual basis for the pleas entered. Lastly, in his plea agreement Defendant expressly pled to all three counts "as charged." Based on the facts, there was simply no need to conduct any additional "court proceeding" to prove a fact that Defendant pled to. Based on all of the foregoing, **claim 1 is DENIED**.

(Exhibit 6:  Order on Defendant's Motion for Postconviction Relief and Order to Show Cause at pp. 1-2) (Emphasis in original).

The state trial court's ruling is supported in the record. As noted by the state trial court, the Information in this case specifically alleges, in all three counts, that Grimsley actually possessed a firearm during the commission of the charged crimes. Also, the plea and sentencing hearing transcripts establish that Grimsley pled to the offenses as charged

and, through counsel, conceded that there was a factual basis for the pleas entered. In addition, the State gave a factual basis on the record before the court accepted Grimsley's pleas.  The arrest report filed in the appellate record supports the finding that Grimsley possessed and discharged a firearm. (Exhibit 16). Last, in his plea agreement, Grimsley expressly pled to all three counts "as charged." A sufficient factual basis was established, and there is no possibility that Grimsley entered pleas to the wrong offenses.

Ground one does not warrant habeas corpus relief.

## GROUND TWO

Grimsley asserts the two counts of aggravated battery with a firearm were improperly reclassified from second degree felonies to first degree felonies contrary to Florida law. Grimsley is not entitled to relief on this claim for at least two reasons. First, the issue is moot, because Grimsley's judgment and sentence has already been corrected by the state trial court to reflect that the crimes are second degree felonies rather than first-degree  felonies. (See Exhibits 4(a) and 10).

Second, Grimsley does not present an issue of federal constitutional magnitude, and the claim is not cognizable in a § 2254 petition for writ of habeas corpus. Grimsley has not articulated any violation of his federal constitutional rights. Instead, Grimsley is raising a sentencing issue which is not cognizable in this federal proceeding. A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). A state's interpretation of its own rules or statutes does not raise a federal constitutional issue. *Wainwright v. Goode*, 464 U.S. 78 (1983), *reh'g denied*, 465 U.S. 78 (1984). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d

1329, 1333 (11th Cir. 2000). Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. *Herrera v. Collins*, 506 U.S. 390, 400 (1993).

The role of federal courts is particularly true in the area of sentencing. It is well-settled in this circuit that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan*, 861 F.2d at 1508. In the state court postconviction proceeding, both parties cited only state cases, statutes, and rules, with no reference to federal constitutional principles. Grimsley has no recourse in this Court to challenge what he perceives to be an error in sentencing.

Ground two does not warrant habeas corpus relief.

## GROUND THREE

Grimsley alleges that his judgments and sentences are subject to collateral attack due to illegal criminal procedures. Grimsley fails to allege any specific facts in support of this claim. See § 2254 petition at p. 5. An application for relief pursuant to 28 U.S.C. § 2254 requires fact pleading. Vague and conclusory claims failing to state facts which would show an entitlement to relief can be dismissed without further effort on the part of the court. *Blackledge v. Allison*, 431 U.S. 63 (1977).

Alternatively, assuming for purposes this federal proceeding that Grimsley is raising the same claim he raised in ground three of his motion for postconviction relief filed in state court, Grimsley is not entitled to relief. Grimsley set out the following factual basis in his

postconviction motion:

> The defendant was illegally detained, resulting to an illegal investigation based on hearsay statements. This evidence is tainted by unduly suggestive out of court identification procedure that was utilized by law enforcement in this matter. Also, a violation of court procedures during trial phase, violating defendant's Fourth, Fifth, Sixth and Fourteenth Amendment Rights under the U.S. Constitution.

> On January 21st, 2007, at 306 East Lane, Lakeland, Florida, defendant was at the home of Felicia  Baldwin, visiting. Law enforcement arrived at the Baldwin home, resulting to [sic] defendant and others at the home to be detained illegally.

> Defendant was forced to stay at the Baldwin home without being arrested by law enforcement officer Dallas, violating defendant's Fourteenth Amendment. [sic]

> During the detention, law enforcement officer Dallas displayed the defendant in an improper show-up that indicated suggestive and conducive, irreparable misidentification.

> Lakeland law enforcement displayed an isolated black background photo lineup to single out the defendant creating unreasonable doubt against every other suspect in the photo lineup background creating difference, because theirs was white.

> Furthermore, the court deprived the defendant from [sic] completing the hearing on the Motion To Suppress Evidence, which offers proof against the violation of the defendant's rights of the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, section 9 and 12 of the Florida Constitution.

(Exhibit 5: Motion for Postconviction Relief at p. 3-4).

Grimsley's allegation of "illegal criminal procedures" refers to pretrial matters related to his detention and identification, which are not cognizable in a state motion for postconviction relief. For this reason, the state court found ground 3 of the Rule 3.850 motion to be procedurally barred. The state trial court's September 2, 2008, order denying this claim states:

In response to claim 3, the court finds the issues raised should and could have been brought on direct appeal and are, therefore, not cognizable in a postconviction motion. *Bruno v. State*, 807 So. 2s 55, 63 (Fla. 2001); *Steward v. State*, 931 So. 2d 133 (Fla. 2d DCA 2006); *Sampson v. State*, 845 So. 2d 271, 272 (Fla. 2d DCA 2003). Accordingly, **claim 3 is DENIED**.

(Exhibit 6:  Order on Defendant's Motion for Postconviction Relief and Order to Show Cause at p. 2) (Emphasis in Original).

As the state trial court properly determined, Grimsley's third ground is procedurally barred. The issue was raised in the state court for the first time in a motion for postconviction relief. It was summarily denied by the state trial court without reaching the merits because it concerns an issue which could have been and should have been raised on direct appeal. It is well-settled in Florida that a claim that could have been brought on direct appeal is procedurally barred in postconviction proceedings. *Willacy v. State,* 967 So. 2d 131, 141 (Fla. 2007). *See also, Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990). Grimsley should have reserved the issue of the denial of his motion to suppress and raised the matter on direct review. *See Krawczuk v. State*, 634 So. 2d 1070, 1072 (Fla. 1994)(by pleading guilty without preserving the right to appeal the suppression ruling the defendant waived the right to contest any pre-plea rulings); *Hawk v. State*, 848 So. 2d 475, 477 (Fla. 5th DCA 2003) (Section 924.06(3), Florida Statutes (2002) and Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i) clearly provide that a criminal defendant has no right to appeal following his or her entry of a nolo contendere plea in the absence of a reservation of the right to appeal an order which is legally dispositive). Because Grimsley did not preserve the issue, ground three is procedurally barred pursuant to independent and adequate state law principles.

Under the doctrine of procedural default, "in all cases in which a state prisoner has

defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *Marek v. Singletary*, 62 F.3d 1295, 1301-02 (11th Cir. 1995). Grimsley has not argued nor demonstrated cause or prejudice or a miscarriage of justice to overcome the procedural bar.

In addition to the state procedural default, federal habeas corpus review of Grimsley's ground in its entirety is foreclosed by entry of his knowing and voluntary nolo contendere plea[2] to the charges in exchange for a lower sentence. A guilty or nolo contendere plea waives all non-jurisdictional defects occurring prior to the time of the plea, generally limiting defendants to challenges implicating the knowing and voluntary nature of that plea. *See Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Non-jurisdictional defects that are waived by an unconditional plea of guilty include challenges to the factual basis underlying a conviction, prosecutorial vindictiveness, and violations of due process, as well as claims of ineffective assistance of counsel concerning issues litigated prior to entry of the plea. *See Wilson*, 962 F.2d at 997; *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986). *See also, United States v. Broce*, 488 U.S. 563 (1989)(when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the

---

[2] A plea of nolo contendere is recognized as the equivalent of a guilty plea in Florida. See Fla. R. App. P. 9.140(b)(2).

proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973)(holding that a guilty plea represents a break in the chain of events that preceded it in the criminal process); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir. 1991 ); *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)(finding a plea of guilty is a waiver of several constitutional rights, including the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to insist on a jury trial).

Since Grimsley's claim, set out above, implicates nonjurisdictional matters that preceded entry of Grimsley's plea, Grimsley relinquished his right to challenge the alleged defects when he plead nolo contendere. In the instant case, the state trial court asked Grimsley during the plea hearing if he understood he was giving up his right to pursue any legal arguments about the "admissibility of evidence at trial such as a Motion to Suppress and all that," and Grimsley responded, "Yes, Sir."  (Exhibit 2 at p. 8).

Grimsley waived any opportunity to challenge the validity of his arrest under both state and federal law, and ground three does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Grimsley's petition is denied.  The Clerk is directed to enter judgment against Grimsley and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as

required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not

entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 3, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Jeremiah Grimsley, Jr.

13